Hon. Richard A. Jones

Sally W. Harmeling
Kolby K. Cameron
Jeffers, Danielson, Sonn & Aylward, P.S.
P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GRETCHEN NICOLE ANGELIQUE WEEKS, a married person, | ) ) NO. 2:26-cv-01004-SKV |
| Plaintiff, | ) ) JOINT STATUS REPORT AND |
| vs. | ) DISCOVERY PLAN ) |
| GEODIS LOGISTICS LLC, a Tennessee limited liability company, | ) ) ) |
| Defendant. | ) |

The undersigned counsel certify that they have consulted pursuant to Federal Rules of Civil Procedure ("FRCP") 26(f) and submit the following joint report reflecting the result of their conference and their position with respect to each of the

JOINT RULE 26(f) REPORT
Page 1
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

items set forth in the Court's Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report as follows:

**1. A statement of the nature and complexity of the case.**

**a. Plaintiff's Statement:**

This is an employment discrimination and wrongful termination action arising from Defendant Geodis Logistics LLC's termination of Plaintiff Gretchen Weeks and Defendant's alleged failure to comply with its obligations under applicable federal and state anti-discrimination laws. Plaintiff alleges Defendant discriminated against Plaintiff because of Plaintiff's disability and/or age, failed to provide reasonable accommodations, failed to engage in the interactive process in good faith, retaliated against Plaintiff for requesting accommodations and protected leave, and ultimately terminated Plaintiff's employment under circumstances giving rise to claims for unlawful discrimination, retaliation, and wrongful discharge.

Plaintiff contends Defendant's actions caused significant economic and non-economic damages, including lost wages, lost benefits, emotional distress, and other consequential damages. Plaintiff further seeks statutory damages, attorney's fees, costs, and any and all other relief permitted by law.

JOINT RULE 26(f) REPORT
Page 2
4JT8373

The case is not unusually complex from a legal standpoint.

### b. Defendant's Statement:

This is a standard employment dispute. Plaintiff was a former Inventory Control Specialist, who operated electric pallet jacks in the course of her employment when moving to different sections of the warehouse. After Plaintiff was trained and counseled on following safety protocols, Plaintiff did not follow such safety rules and was terminated as a result.   Defendant denies that it discriminated or retaliated against Plaintiff or denied Plaintiff a reasonable accommodation for a disability.

### 2. A proposed deadline for joining additional parties.

The Parties propose the deadline for adding additional parties be no later than **September 30, 2026**.

### 3. Whether the parties consent to the case being heard by a full-time U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13.

The parties do not consent to a trial before a Magistrate Judge.

//

//

//

//

JOINT RULE 26(f) REPORT
Page 3
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

**4. Discovery Plan.**

**(A) The exchange of initial disclosures.**

The Parties confirm that initial disclosures will be accomplished by **June 12, 2026**, as required by the Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report.

**(B) Subjects, Timing, and Potential Phasing of Discovery.**

The Parties agree that a formal discovery plan is not necessary.

Plaintiff's anticipated discovery needs:

Plaintiff currently intends to conduct discovery regarding the factual and legal bases of Defendant's actions and defenses, including but not limited to: Plaintiff's employment, job duties, and performance; Plaintiff's requests for reasonable accommodation; Defendant's policies, practices, and procedures and behaviors vis-a-vis other employees concerning disability accommodation, leave (state and federal), workplace safety, and non-discrimination; communications among Defendant's managers, human resources personnel, and agents concerning Plaintiff; the decision-making process underlying Plaintiff's accommodation requests, leave requests, and termination; Defendant's handling of Plaintiff's requests for accommodation and leave;

JOINT RULE 26(f) REPORT
Page 4
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Defendant's workplace safety protocols, policies, and any modifications or exceptions thereto as they relate to Plaintiff or similarly situated employees; training provided to Defendant's personnel regarding disability accommodation, workplace safety compliance, and leave compliance; Defendant's corporate structure and chain of command; and Defendant's asserted defenses.

Plaintiff also anticipates discovery of relevant documents, electronically stored information, and testimony necessary to establish damages.

As discovery has not yet commenced, this anticipated discovery may be supplemented as additional information is obtained.

Defendant's anticipated discovery needs:

Defendant believes that the subject matter of its discovery may include the following, without limiting the substantive scope of its entitlement to discovery under Fed. R. Civ. P. 26: (1) Plaintiff's medical documentation and treatment notes concerning the extent of the disabilities and medical conditions subject to any request for leave or accommodation; (2) Plaintiff's communications with third-parties concerning the basis of her lawsuit and claims for emotional distress damages; (3) evidence concerning Plaintiff's performance, including her compliance with policies and agreements

JOINT RULE 26(f) REPORT
Page 5
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

applicable to her employment; (4) Plaintiff's damages mitigation efforts; and (5) records concerning Plaintiff's damages, including but not limited to relevant medical and psychiatric records, mitigation documents, and information that can bar or limit Plaintiff's recovery.

The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues.

**(C) Electronically Stored Information.**

Parties will generally produce documents in PDF format. As issues arise, the parties agree to meet and confer whether particular categories or discrete documents should be produce in native format, or in any other manipulable format such as Microsoft Excel or Adobe Acrobat format (OCR readable and .pdf file format).

**(D) Privilege Issues.**

The Parties do not anticipate any unique issues regarding claims of privilege.

**(E) Proposed Limitations on Discovery.**

All written discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and relevant Local Rules.

JOINT RULE 26(f) REPORT
Page 6
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

The Parties do not presently propose any limitations on discovery; rather, to the extent either party believes discovery sought is not in accordance with the Federal Rules of Civil Procedure, relevant Local Rules, Orders of this Court, and/or other authority, the parties will address those concerns via counsel conference and, if necessary, motions practice.

**(F) The Need for Any Discovery Related Orders.**

The parties will agree to the Model Stipulated Protective Order used by the United States District Court for the Western District of Washington.

**5. Local Civil Rule 26(f)(1).**

**(A) Possibilities for Prompt Settlement or Resolution.**

The parties may confer regarding settlement or resolution as the case proceeds.

**(B) Alternative Dispute Resolution.**

The parties do not agree on a need for ADR at this time but may confer regarding settlement or resolution as the case proceeds.

**(C) Related Cases.**

The parties know of no pending related cases.

//

JOINT RULE 26(f) REPORT
Page 7
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

**(D) Discovery Management.**

The Parties plan to conducted discovery in accordance with the Federal Rules of Civil Procedure and relevant Local Rules and governing authority.

**(E) Anticipated Discovery Needs.**

The Parties' discovery needs are addressed in in Section 4 herein.

**(F) Phasing of Motions.**

The Parties agree to file any dispositive motions by February 22, 2027. At any time before the discovery cutoff, the Parties may file discovery motions if disputes arise that cannot be resolved without court involvement.

**(G)    Preservation of Discoverable Information.**

Defendant confirms an appropriate litigation hold notice has been issued to all of its documents custodians and relevant employees. The parties discussed and do not currently foresee issues with the disclosure, discovery, or preservation of discoverable information (including electronically stored information).

**(H)    Inadvertent Disclosures.**

The parties intend to comply with Federal Rule of Evidence 502 concerning inadvertent disclosures.

JOINT RULE 26(f) REPORT
Page 8
4JT8373

**(I) – (J) Protocol for Discovery of Electronically Stored Information ESI.**

Plaintiff's preference is to adopt the U.S. District Court for the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation now.  Defendant's preference is that the parties will confer regarding the U.S. District Court for the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation as discovery proceeds.

**(K)   Class Action Determination.**

The Parties do not presently anticipate any need for a schedule for class certification.

**6. The date by which discovery can be completed (at least 120 days prior to the proposed trial date).**

The Parties agree to February 1, 2027, as the date by which discovery shall be completed.

**7. Whether case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The Parties agree there is no present need to bifurcate the case.

JOINT RULE 26(f) REPORT
Page 9
4JT8373

**8. The date the case will be ready for trial.**

The Parties jointly propose a trial start date of June 7, 2027.

**9. Whether the trial will be jury or non-jury.**

Trial will be by jury.

**10. The number of trial days required.**

The Parties propose five court days for trial.

**11. The dates on which trial counsel may have complications to be considered in setting a trial date.**

The Parties agree to have their unavailability considered by November 15, 2027.

Plaintiff's counsel is unavailable:

In 2026:  June 23-24, 29; July 2-9, 14-17, 20, 22-23; August 6-7, 12-18, 25-26; September 1-24; October 1, 9, 16, 28-31; November 1-30; December 1-11, 18-31

In 2027:  January 1, 4, 15, 18; February 12, 15; March 1-5; April 5-9, 16; May 27-31.  Plaintiff's counsel has not listed unavailable dates after the proposed trial date of June 7, but can provide that if needed.

//

JOINT RULE 26(f) REPORT
Page 10
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

<u>Defendant's counsel is unavailable:</u>

In 2027: July 26-July 30; August 2-6, 30-31; September 1-3

**12. The dates on which each and every non-governmental corporate party filed its corporate disclosure statement pursuant to FRCP 7.1 and LCR 7.1.**

Defendant is the only non-governmental corporate party and filed its Corporate Disclosure Statement on April 22, 2026, at Dkt. 5.

//

//

//

//

//

//

//

//

//

//

JOINT RULE 26(f) REPORT
Page 11
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

JOINTLY SUBMITTED this June 18, 2026.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.


By: /s/ *Sally W. Harmeling*
Sally W. Harmeling, WSBA No. 49457
Email: SallyH@jdsalaw.com
Kolby K. Cameron, WSBA No. 58828
Email: KolbyC@jdsalaw.com
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA  98807-1688
Telephone:  509-662-3685

Attorneys for Plaintiff

SEYFARTH SHAW LLP

By: /s/ *Kyle D. Nelson*
Kyle D. Nelson, WSBA No. 61434
Email: knelson@seyfarth.com
Josh M. Goldberg, WSBA No. 60733
Email: jmgoldberg@seyfarth.com
999 Third Avenue, Suite 4700
Seattle, WA 98108-4041
Telephone: 206-946-4910

Attorneys for Defendant

JOINT RULE 26(f) REPORT
Page 12
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, I have caused a true and correct copy of the foregoing to be served upon the following, via the method(s) indicated below:

| Kyle D. Nelson & Josh Goldberg<br>Seyfarth Shaw LLP<br>999 Third Avenue, Suite 4700<br>Seattle, WA 98104<br><br>*Attorneys for Defendant* | ☐ U.S. Mail<br>☐ Hand Delivery – Messenger Service<br>☐ Overnight Courier<br>☐ Facsimile<br>☒ via USDC Western WA CM/ECF<br>☐ Via Email: |
|---|---|

DATED this 18th day of June, 2026, at Wenatchee, Washington.


_____/s/ Patty L. Gillin_____
PATTY L. GILLIN

JOINT RULE 26(f) REPORT
Page 13
4JT8373

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX